UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHOSHUA SEGAL, | CASE NO.: 08-CV-10014 (CM) |
| Plaintiff, | |
| v. | ECF CASE |
| VARONIS SYSTEMS, INC., YAKOV FAITELSON, YUVAL MEIDAR, and TRINET GROUP, INC., | |
| Defendants. | |

**<u>MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REMANDING CASE TO STATE COURT AND AWARDING ATTORNEYS' FEES</u>**

MARINA C. TSATALIS (MT-3069)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for Defendant Varonis Systems, Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.      THIS COURT HAS FEDERAL QUESTION SUBJECT MATTER JURISDICTION. .......... 2

      A.     Plaintiff's Complaint Raises a Federal Question by Basing Claims on Federal Law. ..................................................................................................................... 2

      B.     Plaintiff Cannot Amend his Complaint or Stipulate to Destroy Federal Question Jurisdiction. ............................................................................................ 6

II.     ALL PROPERLY SERVED DEFENDANTS JOINED IN THE REMOVAL. ...................... 8

      A.     Defendant Meidar Was Not Properly Served. ..................................................... 9

      B.     Defendant TriNet Cannot Revoke Its Consent to Removal. ................................ 10

III.    PLAINTIFF SHOULD NOT BE AWARDED ATTORNEYS' FEES AND COSTS IN CONNECTION WITH REMOVAL. ................................................................................ 11

      A.     Defendants' Have a Reasonable Basis for Removal................................................ 11

      B.     Defendants' Refusal to Remand is Irrelevant. ..................................................... 12

CONCLUSION................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Alicea v. Circuit City Stores, Inc., 534 F.Supp.2d 432 (S.D.N.Y. 2008) .......................................12

Barash v. Ford Motor Credit Corp., No.06-CV-6497(JFB)(ARL), 2007 WL 1791656
(E.D.N.Y. June 20, 2007) ................................................................................................6, 10

Bunge Italia, SPA v. American Express Bank LTD., No. 07 Civ. 1785(PKC), 2007
WL 2077111 (S.D.N.Y. July 16, 2007) .................................................................................3

Caggiano v. Pfizer Inc., 384 F.Supp.2d 689 (S.D.N.Y. 2005)...............................................4, 5, 7

Discovision Associates v. Fuji Photo Film Co., Ltd., No. 07-Civ-6348 (PAC), 2007
WL 5161825 (S.D.N.Y. October 29, 2007) .........................................................................11

G & H Partners AG v. Wextrust Capital, LLC, No. 07 Civ. 9803(DLC), 2008 WL
65102 (S.D.N.Y. Jan. 4, 2008)..........................................................................................12

Hefton v. Viscern Holding Corp., No. 07 Civ. 9586(RPP), 2008 WL 938938
(S.D.N.Y. April 7, 2008)................................................................................................6, 10

In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 399 F.Supp.2d 356
(S.D.N.Y.2005) ...................................................................................................................1

In re Zyprexa Products Liability Litigation, Nos. 04-MD-1596, 07-CV-1933 (JBW),
2008 WL 398378 (E.D.N.Y. Feb. 12, 2008)..........................................................................5

Korman v. Giambra, No. 01-CV-0369E SR, 2001 WL 640691 (W.D.N.Y. June 5,
2001) ...................................................................................................................................6

Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)..............................................................11

North Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229 (2d Cir.1978) .....................6

Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939)...........................1, 6, 10

Santos v. Inter Trans Insurance Services, Inc., No. 06 Civ. 3698(KNF), 2008 WL
344701 (S.D.N.Y. Feb. 1, 2008).........................................................................................3

Sung v. Wasserstein, No. 05 Civ. 7138(VM), 2006 WL 435449 (S.D.N.Y., Feb. 21,
2006) .................................................................................................................................11

Varela v. Flintock Constr. Inc., 148 F.Supp.2d 297 (S.D.N.Y. 2001)............................................8

Vera v. Saks & Co., 335 F.3d 109 (2d Cir. 2003) ..................................................................6, 10

Young v. Pfizer, No. 04 Civ. 6609, 2004 WL 2998517 (S.D.N.Y. Dec. 27, 2004) ........................7

Zwerling v. Zwerling, 167 Misc. 2d 782, 636 N.Y.S.2d 595 (N.Y. Sup. Ct., Queens
    Co. 1995)....................................................................................................................10

## STATUTES

28 U.S.C. §§ 201, *et seq*..............................................................................................2

28 U.S.C. § 1331..........................................................................................................9

28 U.S.C. § 1446..........................................................................................................8

28 U.S.C. § 1446(b)..................................................................................................9, 11

28 U.S.C. § 1447(c)......................................................................................................11

## MISCELLANEOUS

Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y. Annotated,
    Book 7B, C.P.L.R. C313:2 .......................................................................................9

California Labor Code § 2802 .......................................................................................3

New York C.P.L.R. § 308...................................................................................8, 9, 10

New York C.P.L.R. § 308(2) .........................................................................................9

New York C.P.L.R. § 313................................................................................................9

## PRELIMINARY STATEMENT

Defendant Varonis Systems, Inc. ("Varonis") respectfully submits this memorandum of law in opposition to Plaintiff Yehoshua Segal's ("Plaintiff") motion for an order remanding this case to New York Supreme Court, New York County.  In his motion, Plaintiff attempts to create smokescreens to obscure the real issues by citing inapposite case law and confusing the facts. Contrary to Plaintiff's representations, the simple facts are:

(a) Plaintiff's Verified Complaint clearly states a federal question, claiming that Defendants are "obligated" to pay him overtime and certain other wages based on "Department of Labor Administrative Review Board decisions", which arise <u>exclusively</u> under the federal Fair Labor Standards Act and other <u>federal</u> laws. <u>Plaintiff's Complaint cites no state law or any other authority or basis for these wage claims</u>;

(b) Plaintiff failed to properly serve individual defendant Yuval Meidar, who resides in Israel, such that he was not required to join in the removal petition as a matter of well-settled law; and

(c) Unanimity of joinder in Varonis' removal petition was satisfied because the only other properly served Defendant, TriNet Group, and individual defendant Yakov Faitelson, who the parties dispute was properly served, joined in the removal petition at the time of removal and maintained such joinder throughout the removal period.  See <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); <u>In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.</u>, 399 F.Supp.2d 356, 363 (S.D.N.Y.2005) (propriety of removal is considered based on facts at time of removal and "[t]here is a 'judicial reluctance to make jurisdiction hinge on fortuities or ex parte tactical moves").

For these reasons, Plaintiff's motion to remand and for attorneys' fees should be summarily denied.  Indeed, given that Varonis' position in refusing to consent to remand was obviously well-founded and correct as a matter of established law, it is Plaintiff and his counsel who should be rebuked for their baseless request to recover attorneys' fees, which was nothing more than an improper tactic to coerce Defendants into consenting to an unnecessary remand.

## ARGUMENT

### I.     THIS COURT HAS FEDERAL QUESTION SUBJECT MATTER JURISDICTION.

#### A.     Plaintiff's Complaint Raises a Federal Question by Basing Claims on Federal Law.

Plaintiff, as "master of his complaint" and with the right to plead only state claims, expressly and exclusively based his wage claim on federal law. Plaintiff's Seventh Cause of Action is for "Unpaid Wages, Overtime, ... And Unreimbursed Business Expenses." (emphasis omitted). Plaintiff alleges, *inter alia*, that Defendants failed to pay him overtime and other wages "despite being obligated to do so under Department of Labor Administrative Review Board decisions and other relevant authority." Compl., ¶¶ 157, 160, 161.[1] Plaintiff's Complaint does not identify any "other relevant authority." The Department of Labor is a federal agency, and the decisions issued by its Review Board are limited to cases arising under federal law, including the Fair Labor Standards Act, which clearly governs the issue of overtime and other wage payments. See 28 U.S.C. §§ 201, *et seq.* By basing Defendants' alleged obligation to pay him overtime and other wages on federal law, Plaintiff's Complaint clearly presents a federal question supporting removal to federal court.

Plaintiff attempts to side-step his own allegations by asking the Court to cover its eyes and pretend that his Complaint does not rely on federal law. Plaintiff dedicates six pages of his remand motion to the farce that his Complaint fails to make any reference to federal law whatsoever. This is in contrast to his earlier position, in which he admitted that that federal law is at least a partial basis for his wage claims. See Ex. 4 to Shortnacy Decl.[2] (letter from Plaintiff's counsel stating that "this

---

[1] All references to "Compl." refer to the Complaint filed by Plaintiff in the Supreme Court of the State of New York, New York County, on October 30, 2008. The Complaint is attached as Exhibit 1 to the Declaration of Michael Shortnacy in support of Plaintiff's Motion to Remand.

[2] All references to "Shortnacy Decl." refer to the Declaration of Michael Shortnacy in support of Plaintiff's Motion to Remand.

claim for unpaid wages and expenses cannot be said to be *solely* a federal question.") (emphasis added).

In support of his new contention that federal law plays no role in his Complaint, Plaintiff cites <u>Bunge</u> and <u>Santos</u>, where the respective plaintiffs raised causes of action either: (a) expressly based on state law claims, but <u>without</u> any reference to seeking redress under federal law; or (b) without an express reference to state law, capable of judgment under either state or federal law, and again, <u>without</u> any reference to federal law. <u>Bunge Italia, SPA v. American Express Bank LTD.</u>, No. 07 Civ. 1785(PKC), 2007 WL 2077111 (S.D.N.Y. July 16, 2007); <u>Santos v. Inter Trans Insurance Services, Inc.</u>, No. 06 Civ. 3698(KNF), 2008 WL 344701 (S.D.N.Y. Feb. 1, 2008). In <u>Bunge</u> and <u>Santos</u>, the courts remanded the cases because neither plaintiff claimed that the respective defendants were obligated to pay damages under federal law with respect to any cause of action. <u>See Id.</u>

In this case, unlike the facts of <u>Bunge</u> and <u>Santos</u>, Plaintiff drafted his Complaint to rely expressly and exclusively on federal law for his overtime and other wage claims. There is no authority or basis alleged in Plaintiff's Complaint for his claim that Defendants are "obligated" to pay him overtime and other wages other than the decisions of the Department of Labor Administrative Review Board, which only interpret federal law. Plaintiff's contention in his Motion that he seeks redress under California law is both untrue and irrelevant.

Plaintiff's Complaint does not identify any provision of California law in support of his claim for unpaid *overtime* and other wages. His sole reference to California law is limited to § 2802 of the California Labor Code, which Plaintiff cites in support of his distinct claim for allegedly unpaid business expenses. Compl. ¶ 159. Plaintiff alleges: "Because [he] was required to work out of his home, Plaintiff also is entitled to reimbursement for that portion of his home that he was forced to use as a home office. The repayment of these expenses, for 31 months, is required under California Labor Code § 2802." <u>Id.</u> California Labor Code § 2802, entitled "Indemnification of employee for

-3-

expenditures or losses in discharge of duties or obedience to directions," although potentially relevant to Plaintiff's claim for unreimbursed business expenses,[3] has nothing to do with overtime pay or other wages.

Plaintiff's *ex post facto* attempt to recharacterize the basis for his wage claim flies in the face of the express allegations in his Verified Complaint, and is obviously a maneuver to try to avoid the federal forum. Even if Plaintiff had sought redress under California law for his overtime claim – and he did not – that would not eradicate his reliance on federal law in the Complaint nor would it prohibit him from pursuing his wage claims under federal law as well.

Plaintiff's lengthy discussion of the Caggiano case further attempts to confuse the federal question issue by likening the "contextual allegations" in that case that did not amount to a federal question to Plaintiff's express reference to and reliance on federal law in the instant matter. Caggiano v. Pfizer Inc., 384 F.Supp.2d 689 (S.D.N.Y. 2005). In Caggiano, in an effort to show the court that the plaintiffs were not the only persons claiming that the defendant had engaged in wrongdoing, the plaintiffs attempted to introduce other instances of wrongdoing by the defendant as alleged by unrelated parties in other actions. Those other instances included reference to violations of federal law by the defendant as alleged by the Department of Health and Human Services. Id. The Caggiano court held that the third party federal claims did not confer federal question jurisdiction in the instant case since the plaintiff merely used them as "contextual allegations" and did not actually plead his own federal claim in his Complaint. Id. In the instant matter, Plaintiff's express reliance on decisions by a federal agency interpreting federal law as the sole basis for his wage claims hardly constitutes "contextual allegations." To the contrary, federal law is the crux and exclusive basis for the obligation to pay wages that Plaintiff alleges was violated.

---

[3] Plaintiff's reference to the California Labor Code is manufactured and misplaced because he has no contacts with California. Plaintiff lived and worked in New York during his entire employment with Varonis, and Varonis is located in New York, with no offices in California.

Indeed, the Caggiano case actually supports Defendants' position.  The Caggiano court made clear that if a jury must refer to federal law to determine if a defendant is liable on any claim, then the matter is removable to federal court.  Id.  In the instant matter, a jury could not possibly decide Plaintiff's wage claims without referring to federal law, since Plaintiff alleges that Defendants are "obligated to [pay Plaintiff wages] under Department of Labor Administrative Review Board decisions..." and cites no other authority or basis for his claim.  It is undisputed that the Department of Labor Administrative Review Board's decisions pertain exclusively to federal laws.

Instead of the inapposite cases cited by Plaintiff, a more appropriate comparison is to the Zyprexa case.  In re Zyprexa Products Liability Litigation, Nos. 04-MD-1596, 07-CV-1933 (JBW), 2008 WL 398378 (E.D.N.Y. Feb. 12, 2008).  In Zyprexa, the plaintiff brought an action in state court with a cause of action claiming that the defendant's promotion of the drug Zyprexa for an "off-label" use "violated its obligations under law."  Id.  Based on the "off label" claim, the defendant removed the action, along with state law claims contained in the Complaint, claiming that because the Food and Drug Administration ("FDA") exclusively reviews "off-label" items and the FDA only has jurisdiction over federal claims, the Complaint effectively raised a federal question.  Id.  The federal court agreed, holding that despite the plaintiff's failure to expressly cite federal law in the Complaint, by implicating the FDA and its exclusive federal authority, plaintiff effectively pled a federal claim.  Id. at *5 (denying remand where plaintiff's claim as governed by the FDA "necessarily refers to violations of federal law").[4]

Numerous other cases in the federal courts in New York have similarly held that "lack of any reference to federal law in the complaint is not controlling" if, from the substance of its allegations,

---

[4] Plaintiff incorrectly states that the Caggiano case involved "off-label" claims.  Instead, the plaintiff in Caggiano claimed violations of the New York Consumer Protection Act and asserted tort claims, including fraud, negligence, and products liability.  Any reference to the FDA or "off label" marketing was an extraneous contextual allegation.

the Complaint sets forth a claim arising under federal law. See, e.g., Korman v. Giambra, No. 01-CV-0369E SR, 2001 WL 640691, *2 (W.D.N.Y. June 5, 2001) (quoting North Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233-234 (2d Cir.1978)).

**B.     Plaintiff Cannot Amend his Complaint or Stipulate to Destroy Federal Question Jurisdiction.**

The fact that Plaintiff's Verified Complaint stated a federal question at the time of removal is dispositive. After Varonis removed this action to federal court, Plaintiff claimed that his reference to federal law in the Complaint was a "mistake" and that by faxing Varonis a "replacement page" of the Complaint that eliminated his reference to federal law, federal question jurisdiction was destroyed. See Ex. 6 to Shortnacy Decl. There is no basis for Plaintiff's position as a matter of law. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove... the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."); Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) (in determining whether a particular allegation raised a federal question, the court stated that "[a]lthough plaintiff now tries to disavow or at least minimize this allegation, we generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed"); Hefton v. Viscern Holding Corp., No. 07 Civ. 9586(RPP), 2008 WL 938938 (S.D.N.Y. April 7, 2008) ("rule is that removability is determined from record at time the petition for removal is filed..."); Barash v. Ford Motor Credit Corp., No.06-CV-6497(JFB)(ARL), 2007 WL 1791656 (E.D.N.Y. June 20, 2007) (where defendant claimed that plaintiff's Complaint implied that the claims therein were based on federal law, the court held that it would determine the right to removal based on the pleadings at the time of removal, "without reference to subsequent filings by plaintiff"). ***Notably, Plaintiff never even amended his Complaint – he merely circulated a draft "replacement" page that he never filed.*** See Ex. 6 to Shortnacy Decl.

In addition to Plaintiff's impotent and unexecuted threat to amend his Complaint, Plaintiff takes a novel approach by attempting to destroy federal question jurisdiction by way of stipulation.

-6-

In a Stipulation that he ***never filed with the Court*** until it was included as an Exhibit to his instant Motion to Remand, Plaintiff makes only the equivocal representation that he "does not *presently* intend" to seek redress under federal law despite his reference to federal law in the Complaint. Ex. 2 to Shortnacy Decl. (emphasis added); see also Ex. 12 to Shortnacy Decl. (Email from Plaintiff's counsel to defense counsel stating: "Plaintiff's complaint does not allege any federal claims, and it is not his *current intention* to do so.") (emphasis added).

In support of his position, Plaintiff refers to <u>Young v. Pfizer</u>, where the defendant sought to invoke federal question jurisdiction on the grounds that the outcome of the plaintiff's state law claims hinged upon the interpretation of federal law. No. 04 Civ. 6609, 2004 WL 2998517 (S.D.N.Y. Dec. 27, 2004); <u>see</u> <u>Caggiano</u> ("Where no federal claim has been pleaded, a case only 'arises under' federal law if a plaintiff's 'right to relief under state law requires resolution of a substantial question of federal law.'"). The court remanded the case after the plaintiff clearly stipulated that he would not enforce any judgment on his state law claims if based "solely on a finding that defendants violated federal law." <u>Young</u>, 2004 WL 2998517 at *1.

In the instant case, Plaintiff has not pled any state law claims for overtime pay or other wages. Thus, unlike the situation in <u>Young</u>, he has no right to relief for those claims under state law, and Varonis could not have removed and did not remove the case on the basis that Plaintiff's state law claims implicate federal law. Varonis removed this action because Plaintiff's Complaint seeks redress directly under federal law. Moreover, given that federal law forms the exclusive basis for his allegations, Plaintiff cannot stipulate that he will not seek redress under federal law. Indeed, he has not done so, explicitly preserving the right to rely on federal law by limiting his stipulation to his "present" intentions and admitting that federal law is at least a partial basis for his claims. <u>See</u> Ex. 4 to Shortnacy Decl. ("this claim for unpaid wages and expenses cannot be said to be *solely* a federal question.") (emphasis added). This court should not entertain Plaintiff's ineffectual attempts to recast his Complaint in order to permit him to escape the federal forum.

## II.   ALL PROPERLY SERVED DEFENDANTS JOINED IN THE REMOVAL.

Provided that either federal question or diversity jurisdiction exists, defendants may unanimously remove a matter from state to federal court within the 30-day period for removal running from receipt of the first pleading from which it can be ascertained that the case is removable. 28 U.S.C. § 1446.  It is well-settled that this unanimity requirement is not affected by defendants that have yet to be properly served.  Varela v. Flintock Constr. Inc., 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001).

On August 14, 2008, Plaintiff served a Summons with Notice on Varonis Systems, Inc. and TriNet Group. Ex. 9 to Shortnacy Decl.  This brief document offered no insight into the laws under which Plaintiff planned to seek redress, and gave no indication that Plaintiff's claims would implicate federal law.  See Id.  In fact, Plaintiff's counsel conceded in her November 25, 2008 letter that, "there is no mention of federal law in the Summons with Notice." Ex. 4 to Shortnacy Decl.   It was not until October 30, 2008 that Plaintiff served his Complaint on Varonis Systems, Inc. and TriNet Group, thereby giving those defendants their first notice that Plaintiff's claims presented a federal question. Ex. 1 to Shortnacy Decl.

On November 20, 2008, Varonis Systems, Inc. timely removed the instant matter from state to federal court. Ex. 9 to Shortnacy Decl.  Defendant TriNet joined in the removal.  Id. at ¶ 17.  At that time, only Varonis and TriNet had been served with the summons and Complaint.  The parties disputed whether service was proper on individual defendant Yakov Faitelson.[5]  See Ex. 13 to Shortnacy Decl.  In order to avoid a dispute on the effectiveness of the removal, on December 1, 2008, before the 30-day removal period expired, Mr. Faitelson joined in the petition. Ex. 7 to Shortnacy Decl.  The only other named defendant, Yuval Meidar, did not join in removal because, as set forth below and in Defendants' pending Motion to Dismiss, it is indisputable that Plaintiff failed

---

[5] Plaintiff failed to satisfy New York C.P.L.R. § 308 because he merely left a summons with the doorman at Faitelson's building without ever sending another copy to Faitelson via mail.

to properly serve him. On the eve of Thanksgiving, Plaintiff attempted to pressure TriNet into entering a Stipulation in an attempt to revoke its joinder in the removal upon threat of sanctions. Exs. 2 and 12 to Shortnacy Decl. (Email from Plaintiff's counsel to TriNet's counsel, sent at 7:49 pm the night before Thanksgiving, stating, "You need to evaluate the law and facts and make a decision. If you stipulate with Plaintiff, we will not seek fees against your client..."). However, TriNet did not capitulate to Plaintiff's pressure tactics and enter the Stipulation until December 5, 2008 – three days after the removal period expired. 28 U.S.C. § 1446(b).

Since all properly served Defendants removed this matter within the removal period, and TriNet's revocation of its joinder was untimely and ineffectual, removal of this matter was proper under 28 U.S.C. § 1331.

### A.    Defendant Meidar Was Not Properly Served.

Since this case was removed to federal court, Plaintiff has not attempted to serve Defendant Meidar in accordance with the Federal Rules of Civil Procedure. Prior to removal, Plaintiff's attempt at service did not comply with the requirements of New York state law, nor did they comply with applicable Israeli law.

Under New York's C.P.L.R. § 313, service upon a non-domiciliary of New York must: (a) comply with the strictures of C.P.L.R. § 308; and (b) meet the requirements set forth by the foreign state (i.e., Israel). See C.P.L.R. § 313; see also Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y. Annotated, Book 7B, C.P.L.R. C313:2 at 427. Plaintiff has not satisfied either of these requirements.

Under CPLR § 308(2), a plaintiff must (a) deliver the summons to a person of suitable age at, among certain places, the defendant's actual place of business; and (b) mail the summons to, among other places, the defendant's last-known residence or actual place of business. To meet these requirements, both steps must be taken and performed within 20 days of each other. Plaintiff merely had a courier deliver the summons to the offices of Varonis Systems, Inc. in New York. Ex. 10 to

Shortnacy Decl.  Plaintiff failed to mail the summons to Mr. Meidar in Israel.  See Declaration of Yuval Meidar, § 2.[6]

In addition to improper service under C.P.L.R. § 308, under Israeli law, a foreign party may only provide service of judicial documents through the Directorate of the Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State to the Hague Convention.  See Zwerling v. Zwerling, 167 Misc. 2d 782, 636 N.Y.S.2d 595 (N.Y. Sup. Ct., Queens Co. 1995).  Delivery of the summons by a common delivery agent to a Varonis Systems, Inc. employee in New York does not satisfy the conditions imposed by Israeli law.  See id. at 598-99 (without utilizing Directorate of the Courts, even personal service on Israeli resident was improper).

Since Plaintiff has failed to properly serve Mr. Meidar with the summons pursuant to applicable New York and Israeli law, Mr. Meidar was not required to join in the removal.

**B.      Defendant TriNet Cannot Revoke Its Consent to Removal.**

Although TriNet expressly consented to the removal of the instant matter on November 20, 2008, it attempted to revoke its consent by stipulation on December 5, 2008.  This attempted revocation fails to destroy unanimity because: (a) it is well-settled that this Court can only observe the facts at the time of removal; and (b) contrary to Plaintiff's representations, TriNet's revocation occurred after the removal period expired.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (observe facts at time of the petition for removal); Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) (same); Hefton v. Viscern Holding Corp., No. 07 Civ. 9586(RPP), 2008 WL 938938 (S.D.N.Y. April 7, 2008) (same); Barash v. Ford Motor Credit Corp., No.06-CV-6497(JFB)(ARL), 2007 WL 1791656 (E.D.N.Y. June 20, 2007) (same).  In fact, Plaintiff fails to offer any support for

---

[6] The Declaration of Yuval Meidar was filed on Nov. 26, 2008 in support of Defendants' Motion to Dismiss.  For the Court's convenience, the Declaration is attached hereto as Exhibit A.

the proposition that such revocation is permissible even if timely.  Allowing Plaintiff to engage in the post-removal coercion of Defendants in an attempt to destroy unanimity would not likely be congruent with the Court's opinions on fairness and judicial economy, and its distaste for post-removal tactical tricks.  Moreover, the entire premise of Plaintiff's argument – that TriNet revoked its consent during the removal period – is inaccurate.  The stipulation between TriNet and Plaintiff is undeniably dated December 5, 2008 – several days after the 30-day removal period expired.  28 U.S.C. § 1446(b).

## III.   PLAINTIFF SHOULD NOT BE AWARDED ATTORNEYS' FEES AND COSTS IN CONNECTION WITH REMOVAL.

The Supreme Court has rejected the notion that § 1447(c) requires a court to grant attorney fees and costs upon remand as a matter of course and, instead, concluded that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added); 28 U.S.C. § 1447(c).  The properly served Defendants clearly had, at the time of removal and currently, a reasonable basis for removal.  Plaintiff's request for attorneys' fees and costs was initially a threat aimed toward coercing Defendants to stipulate to remand and, now, is merely intended to harass Defendants.

### A.   Proper Served Defendants' Have a Reasonable Basis for Removal.

In the instant matter, Plaintiff claimed that Defendants are "obligated" to pay Plaintiff wages "under Department of Labor Administrative Review Board decisions..." (emphasis added) and it is indisputable that the Department of Labor Administrative Review Board exclusively issues decisions based on federal law.  Based on Plaintiff's reference to federal law alone, it is objectively reasonable for the properly served Defendants to remove this matter.

Plaintiff only cites authority involving wildly obvious and frivolous fact patterns.  For example, in G&H Partners, the defendant removed the case based on diversity jurisdiction where the Complaint clearly set forth the citizenship of the parties and the undeniable lack of diversity in

-11-

citizenship. <u>G & H Partners AG v. Wextrust Capital, LLC</u>, No. 07 Civ. 9803(DLC), 2008 WL 65102 (S.D.N.Y. Jan. 4, 2008).  Similarly, in <u>Alicea</u>, the defendant sought removal under the Class Action Fairness Act ("CAFA"), which prohibits removal unless the controversy is in excess of $5,000,000.  <u>Alicea v. Circuit City Stores, Inc.</u>, 534 F.Supp.2d 432 (S.D.N.Y. 2008).  Despite the defendant including a declaration that stated that his damages were limited to $1,000,000, the defendant *lied* in his removal petition that the controversy exceeded $5,000,000.  <u>Id.</u> (emphasis added).  Thus, it is clear that the standard for awarding attorneys' fees and costs is quite high.  In fact, this Court declined to award attorneys' fees and costs in the remand context in several other cases with fact patterns nearly as egregious as the cases offered by Plaintiff.  <u>See</u> e.g., <u>Discovision Associates v. Fuji Photo Film Co., Ltd.</u>, No. 07-Civ-6348 (PAC), 2007 WL 5161825, *7 (S.D.N.Y. October 29, 2007) (refusing to award attorneys' fees and costs as a result of defendant's federal question removal even where plaintiff only referred to state law claims and failed to make any direct or indirect reference to federal law); <u>Sung v. Wasserstein</u>,  No. 05 Civ. 7138(VM), 2006 WL 435449, *14 (S.D.N.Y., Feb. 21, 2006) (refusing to award attorneys' fees even when "no federal cause of action appeared on the face of plaintiff's well-pleaded complaint").  Clearly, as detailed above, Plaintiff hardly has a colorable basis for seeking remand in light of his reference to federal authority, much less claiming that Defendants' rationale for removal meets the exceptional criteria required for awarding attorneys' fees and costs in the removal context.

**B.      Defendants' Refusal to Remand is Irrelevant.**

After the properly served Defendants removed the instant matter, Plaintiff attempted to strong-arm remand.  Contrary to his representations, Plaintiff did not provide "controlling legal authority" to Varonis before filing his remand motion, nor does he even provide "controlling legal authority" in his remand motion itself.  Instead, he merely threatened to seek sanctions if the parties did not stipulate to remand and offered the equivocal statement that Plaintiff "does not presently intend" to seek redress under federal law.  Defendants refused to agree to enter the Stipulation

-12-

because: (a) Plaintiff pled a federal claim in his Complaint; (b) Plaintiff's stipulation was not timely executed or filed within the removal period; and (c) Plaintiff's stipulation, even if it could affect the Court's decision regarding whether to remand this matter – which it cannot – is equivocal and, thus, worthless.

As set forth above, given that Defendants' position in refusing to consent to remand was obviously well-founded and correct as a matter of established law, it is Plaintiff and his counsel who should be rebuked for their baseless request to recover attorneys' fees, which was nothing more than an improper tactic to coerce Defendants into consenting to an unnecessary remand

## **CONCLUSION**

For the foregoing reasons, Defendant Varonis respectfully request that the Court deny Plaintiff's motion to remand this action to the New York State Supreme Court, New York County, and deny Plaintiff's petition for attorneys' fees and costs.

Dated:  New York, New York
       January 23, 2009

                        Respectfully submitted,

                        WILSON SONSINI GOODRICH & ROSATI
                        Professional Corporation

                  By:        /s/
                        Marina C. Tsatalis
                        1301 Avenue of the Americas
                        New York, NY 10019
                        Tel.:  (212) 999-5800
                        Fax:  (212) 999-5899
                        mtsatalis@wsgr.com