UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

YEHOSHUA SEGAL

       Plaintiff,

- against -              08-CV-10014 (CM)

VARONIS SYSTEMS, INC.,
YAKOV FAITELSON, YUVAL MEIDAR,
AND TRINET GROUP, INC.,
       Defendants.
_____x

**DECISION AND ORDER GRANTING MOTION TO REMAND**

McMahon, J.:

  This action was commenced in New York State Supreme Court by an employee against his former employers, alleging claims for, *inter alia*, wrongful discharge, intentional infliction of emotional distress, breach of contract, promissory estoppel, unpaid wages and violations of the California Privacy Act. Defendants removed the case to federal court pursuant to 28 U.S.C. 1441(b) (federal-question removal) contending that one of Plaintiff's claims—count seven—actually arises under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §§ 201, *et seq.*

  Plaintiff's seventh cause of action "seeks payment for unpaid wages and other promised or required compensation, including (among other things) unpaid salary, outstanding business expenses which have not been reimbursed (including legal fees paid

1

by Plaintiff Segal to Defendant Varonis' immigration counsel), bonus (including his 2008 OTE bonus), $10,000 additional promised compensation bonus for 2007, an airline ticket from the United States to Australia, options due under the 2006 Stock Option Plan, 1% equity position in Defendant Varonis, 401(k) plan contributions, health insurance premium payments, and overtime pay." Plaintiff also seeks reimbursement for home office expenses under California Labor Law § 2802.

In paragraph 161 of the complaint, which is part of the seventh cause of action, Plaintiff alleges that "Defendants have failed and refused to pay Plaintiff Segal his salary and benefits since June 11, 2008, despite being obligated to do so under Department of Labor Administrative Review Board decisions and other relevant authority." June 11, 2008 was Plaintiff Siegal's termination date. (See Compl. ¶ 86.) Paragraph 161 is the only reference to federal law in found in the 179-paragraph complaint. (See Defendants' MOL at 1-2.)

The issue is whether this court has subject-matter jurisdiction pursuant to the federal removal statute. 28 U.S.C. § 1441; 28 U.S.C. § 1331 (federal question jurisdiction). Removal is appropriate when a state court action could originally have been filed in federal court. 28 U.S.C. § 1441; Caterpillar Inc. v. Williams, 482 U.S. 386, 389 (1987); Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 19 n. 18 (1983). Under the well-pleaded complaint rule, removability is determined by " 'what necessarily appears in the plaintiff's statement of his own claim in the [complaint].' " Franchise Tax Board, 463 U.S. at 9-10 (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). A plaintiff is the "master of the complaint" and may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a

distinct state law cause of action. See Caterpillar, 482 U.S. at 392. "If the plaintiff decides not to invoke a federal right, his claim belongs in a state court." Pan American Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 663 (1961). A plaintiff, however, cannot avoid removal by artful pleading, Travelers Indemnity Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir. 1986) *cert. denied*, 479 U.S. 885 (1986), or "by omitting to plead necessary federal questions in a complaint," Franchise Tax Board, 463 U.S. at 22.

> When a party files a motion to remand challenging the removal of an action from state court, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.' " R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979) (quoting McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *Accord* Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002) (noting that "statutory procedures for removal are to be strictly construed"). "If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." Hill v. Delta Int'l Mach. Corp., 386 F.Supp.2d 427, 429 (S.D.N.Y. 2005). Courts determine whether subject matter jurisdiction exists by "looking to the complaint as it existed at the time the petition for removal was filed." Id. (footnote omitted).

Kudlek v. Sunoco, Inc., 581 F.Supp.2d 413, 416 (E.D.N.Y. 2008) (Garaufis, J.) (deciding whether a state law cause of action is pre-empted by federal law).

In this case, removability turns on whether Plaintiff actually pled a federal cause of action by referencing general decisions rendered by the Department of Labor Administrative Review Board when the (i) entire 179-paragraph complaint, but for paragraph 161, relies on and references state law; (ii) the cause of action in question, containing paragraph 161, also cites to California Labor Law in addition to referencing

the general decisions of Department of Labor Administrative Review Board; and (iii) Plaintiff has a state law cause of action for the allegations in the seventh count that is entirely dependent on state law.

Defendants argue that the allegation that the unpaid salary was owed pursuant to Department of Labor Regulations (paragraph 161) creates federal question jurisdiction.[1] Defendants argue that Plaintiff's reference to the Department of Labor Administrative Review Board decisions in paragraph 161 creates federal question jurisdiction because Plaintiff does not cite any other authority to support its claim for owed wages and benefits. Since the Review Board is part of a federal agency that exclusively construes federal law, Defendants reason that Plaintiff's claim is based on federal law.

However, Plaintiff's wage claim is cognizable under California state law. Section 201 of California Labor Law provides, *inter alia*, "If an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately." CAL. LAB. CODE § 201 (West 2009).

Moreover, California's Labor Law is independent of federal law. The California Supreme Court has stated that, while "…federal decisions have frequently guided our interpretation of state labor provisions the language of which parallels that of federal statutes…the [state] high court explained that where the language or intent of state and federal labor laws substantially differ reliance on federal regulations or interpretations to construe state regulations is misplaced." Jones v. Gregory, 137 Cal. App. 4th 798, 804

---

[1] Defendants concede in their brief that the home office expenses portion of the count may be actionable under the cited California Labor Law § 2802. Section 2802 provides that employers must indemnify employees for all necessary expenditures incurred by the employee in direct consequence their duties. CAL. LAB. CODE § 2802 (West 2009). Defendants do not address whether the balance of the allegations, i.e. the plane ticket, stock options, and immigration counsel fees, implicate federal question jurisdiction. (See Defendants' MOL at 3-5.)

(Cal. Ct. App. 2006) (quoting Reynolds v. Bement, 36 Cal.4th 1075, 1088 (Cal. 2005) (citations and quotations omitted)). The independence of the state law cause of action from federal law makes the issue not whether Plaintiff's state law claim raises a substantial question of federal law, but whether general reference to federal agency decisions or guidelines pleads a federal law claim in the context of this complaint.

A state law claim under section 201 of the California Labor Law is not re-characterized as a federal claim by virtue of preemption and the artful pleading doctrine. Although, Defendants argue that Plaintiff's wage payment claim is "clearly governed by the Fair Labor Standards Act ("FLSA"), (see Defendants' MOL at 2.), "It is settled in the Second Circuit that FLSA does not preempt state wage and hour laws." Guzman v. VLM Inc., No. 07 Civ. 1126, 2008 WL 597186 at *10 (S.D.N.Y. Mar. 2, 2008) (citing Overnite Transp. Co. v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991)).

Judge Rakoff, in Caggiano v. Pfizer Inc., 384 F.Supp.2d 689 (S.D.N.Y. 2005), resolved an analogous issue by granting a motion to remand back to state court. Judge Rakoff stated that "contextual allegations…are not enough to confer federal question jurisdiction." Id. at 690 (granting motion to remand when a complaint for state law tort claims alleging marketing a drug for "off-label uses" is "peppered" with federal law violations for showing negligence *per se*). "Because a jury could find defendants liable on each and every one of the eight claims without being required to determine whether any federal law had been violated…that the facts alleged also may constitute violations of federal law (for which recovery is being sought in federal court) is neither here nor there." Id.

5

This case is analogous to Caggiano, in that the references to federal law in both cases are merely "contextual allegations" in the complaint that do not themselves assert federal causes of action. Both cases can be resolved entirely on state law. Even though the facts alleged in both cases may also entitle the plaintiffs to relief pursuant to federal law, the claims could be decided entirely on state law, and Plaintiff—as a matter of his pleading—has announced that he is bringing his claim under state law, which is referenced in the seventh cause of action.

"Peppering" a state law complaint with a reference to some federal administrative decisions (but not to the FLSA) does not convert a state cause of action into a federal law claim where the state law referenced in the cause of action itself can provide Plaintiff with the requested relief in an otherwise entirely state law complaint. Plaintiff's reference to these administrative decisions is merely a "contextual allegation" in the complaint.

This case is remanded for lack of subject matter jurisdiction. It is, therefore, unnecessary to address whether all Defendants join the removal petition.

An award of attorney's fees is warranted under 28 U.S.C. § 1447(c) because Defendants had no reasonable basis for seeking removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Plaintiff has 5 days from the date of the decision to submit an affidavit of fees incurred in the preparation of the papers supporting the motion to remand.

Once fees are awarded, the Clerk of the Court is directed to close the file and return this matter to the Clerk of the Supreme Court, New York County.

Dated: February 20, 2009

_____
U.S.D.J.

BY ECF TO ALL COUNSEL